IN THE SUPREME COURT OF THE STATE OF DELAWARE

COREY M. HARRELL, §
§ No. 266, 2017
Defendant Below, §
Appellant, § Court Below—Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 1311014669 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: December 22, 2017
Decided: March 15, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 15th day of March 2018, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Corey M. Harrell, filed this appeal from the Superior Court's order dated June 5, 2017, denying his first motion for postconviction relief under Superior Court Criminal Rule 61.[1] We find no merit to the appeal and affirm the Superior Court's decision.

(2) Harrell was charged in March 2014 with first degree murder and a related weapon offense. In March 2015, Harrell pleaded guilty to second degree

---

[1] *See State v. Harrell*, 2017 WL 2418278 (Del. Super. Ct. June 5, 2017) (denying motion for postconviction relief).

murder and the weapon offense in exchange for reduction of the original first degree murder charge and a favorable joint sentencing recommendation. Before accepting the guilty plea, the Superior Court engaged Harrell in a colloquy to ensure that he was entering the plea fully aware of the nature of the charges against him and the consequences of entering the plea. Harrell was sentenced on August 21, 2015, following a presentence investigation.

(3) Harrell did not file a direct appeal from the guilty plea and sentence. He did, however, file a timely pro se motion for reduction of sentence. The Superior Court denied the sentence reduction motion on the basis that the sentence imposed was appropriate and was part of the parties' plea agreement. Harrell then filed a timely pro se motion for postconviction relief under Rule 61 and a motion for appointment of postconviction counsel. The Superior Court denied the motion for appointment of counsel.[2]

(4) In the postconviction motion, Harrell claimed that his trial counsel's ineffectiveness led to Harrell's decision to plead guilty and that, as a result, his plea was involuntary. At the direction of the Superior Court, Harrell's trial counsel filed an affidavit responding to the allegations of ineffective assistance of counsel, the State filed a response to the postconviction motion, and Harrell filed a reply.

---

[2] *See State v. Harrell*, 2016 WL 2616380 (Del. Super. Ct. May 4, 2016) (denying motion for appointment of postconviction counsel).

(5)     By order dated June 5, 2017, the Superior Court denied the motion for postconviction relief. [3] The court considered each of the claims for postconviction relief and concluded that each claim was without merit.  On appeal, we review the Superior Court's decision for abuse of discretion and consider questions of law de novo.[4]

(6)     Having carefully considered the parties' briefs and the record on appeal, we affirm the Superior Court's denial of postconviction relief on the basis of the court's well-reasoned decision of June 5, 2017.  The Superior Court did not abuse its discretion or commit legal error when determining that Harrell's claims of ineffective assistance of counsel were without merit, and that his involuntary guilty plea claim was belied by the record.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[3] *Supra* note 1.
[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).